UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICIA FLEMING,

    Defendant.

_____/

Case No. 12-20620

Stephanie Dawkins Davis
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S SECOND
MOTION FOR RELEASE FROM CUSTODY (ECF No. 47)**

**I.    INTRODUCTION**

Before the court is Defendant Patricia Fleming's second motion for release from custody. (ECF No. 47). Fleming is a federal prisoner housed at FDC Philadelphia serving a sentence for a 2014 conviction for possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and 2021 conviction for escape from federal custody in violation of 18 U.S.C. § 751(a). The court previously denied his[1] first motion for compassionate release. (ECF No. 45). In that decision, the court accepted the proposition that Fleming's medical conditions – hypertension, anemia, and sickle cell trait – were conditions that could possibly

---

[1] As explained by the defense, BOP records indicate Fleming identifies as a man and though Fleming is serving time in a female custodial facility, Fleming gender-identifies as male. Therefore, the court follows suit in using masculine pronouns in conformity with Fleming's self-identification. (ECF Nos. 39 n.1 and 44 n.1).

1

justify compassionate release under certain circumstances. (ECF No. 45, PageID.194). Ultimately, the court denied Fleming's motion based on its assessment of the factors set forth in 18 U.S.C. § 3553(a). *Id*. at PageID.196-199.

In this motion, Fleming argues that the court should reconsider its assessment of the § 3553 factors and asserts that his mental health conditions, in addition to his physical conditions, increase his risk for COVID-19. (ECF No. 47). The Government opposes Fleming's motion. (ECF No. 50). The court ordered the Government to supplement its response to update the court on whether Fleming has received the COVID-19 vaccine. (ECF No. 53). The Government has done so. (ECF No. 54). For the reasons set forth below, the court **DENIES** Fleming's motion.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582, a district court may consider requests for compassionate release as an exception to the general rule that courts "may not modify a term of imprisonment once it has been imposed." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). A defendant may file such a request after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days [] whichever is earlier." 18 U.S.C. § 3582(a). For defendants under 70 years of age, the court may reduce a sentence if it finds that

"extraordinary and compelling reasons warrant such a reduction" and "after considering the factors set forth in section 3553(a)." U.S.C. § 3582(c)(1)(A). However, where a defendant does not demonstrate any extraordinary or compelling reasons to reduce his sentence, the court need not analyze whether a sentence reduction is appropriate under § 3553(a). *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (*citing United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Since this motion was filed, the United States Court of Appeals for the Sixth Circuit has clarified the law governing COVID-19 related compassionate release motions. In *United States v. Lemons*, the court held that when a defendant "has access to the COVID-19 vaccine," incarceration during the COVID-19 pandemic and potential exposure to the virus "does not present an extraordinary and compelling reason warranting a sentence reduction." 15 F.4th 747, 751 (6th Cir. 2021). And in *United States v. Traylor*, 16 F.4th 485, 486 (6th Cir. 2021), the court affirmed a district court's denial of a motion for compassionate release based on the defendant's underlying medical conditions where the defendant had access to the COVID-19 vaccine, thus "significantly reducing her risk of contracting and becoming severely ill from COVID-19."

## III. DISCUSSION

Here, Fleming argues that his physical conditions – sickle cell trait, hypertension, and anemia -- along with his newly diagnosed mental impairments, including schizoaffective disorder, post-traumatic stress disorder, gender dysphoric disorder, and substance abuse disorder, in remission, present "extraordinary and compelling reasons" under U.S.C. § 3582(c)(1)(A)(i) warranting a reduction in his sentence. Fleming also argues that the BOP's calculation of his sentence, which he claims incorrectly denied him credit for time served prior to sentencing, warrants compassionate release. The Government opposes the motion, arguing that Fleming's risk factors do not warrant compassionate release. The Government points out that the CDC does not recognize any mental health conditions as increasing the risk of serious illness from COVID-19. Further, the government argues that the court's earlier decision regarding the § 3553 factors should not be disturbed. Lastly, the Government urges the court to reject Fleming's argument that the alleged improper calculation of time served warrants compassionate release.

As an initial matter, the government does not claim that Fleming failed to exhaust his administrative remedies and accordingly, this court assumes for purposes of this motion without making an express finding that he has done so and that this motion is not precluded. In line with the Sixth Circuit's holdings in

*Lemons* and *Traylor*, however, the continued COVID-19 pandemic and Fleming's medical conditions do not represent an extraordinary or compelling reason warranting a sentence reduction. At the time of the filing of the motion and response, Fleming was housed at the Livingston County Jail. He has since been moved to FDC Philadelphia. *See* https://www.bop.gov/inmateloc//index.jsp (last accessed 1/5/22). According to the most recent guidance from the Bureau of Prisoners, vaccinations are available to all inmates at federal prisons. *See* https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf (last accessed 1/5/22). And Fleming's BOP medical records show that he has received two doses of the COVID-19 vaccine. (ECF No. 54). Thus, following *Traylor*, a denial is appropriate because Fleming both has access to a COVID-19 vaccine and has, in fact, been vaccinated. *See also United States v. Fowler*, 2022 WL 35591, *2 (6th Cir. Jan. 4, 2021) (Where inmate had access to the COVID-19 vaccine and indeed, had received at least one dose, he could not demonstrate that his COVID-19 risk was an "extraordinary and compelling" justification for compassionate release.).

The court also notes that there are currently no inmates at FDC Philadelphia with an active COVID-19 infection and only one staff member is infected, *see* https://www.bop.gov/coronavirus/ (last accessed 02/14/22), which provides further support for the conclusion that there are not "extraordinary and compelling

reasons" that warrant his release. *See United States v. Fowler*, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) (citing *United States v. Bass*, 17 F.4th 629, 641-42 (6th Cir. 2021) (stating that the court should consider current COVID-19 conditions in the prison)). Indeed, given the current COVID-19 surge, this strongly suggests that prison authorities have substantially reduced the risk of spread and exposure to COVID-19 through their mitigation policies, including the vaccination of other inmates. *See United States v. Ashrafkhan*, 2021 WL 2431716, at *3 (E.D. Mich. June 15, 2021). Accordingly, the risk of future infection does not present an extraordinary and compelling circumstance warranting a reduction in his sentence.

Lastly, Fleming contends that his potential sentencing in a related case warrants compassionate release.[2] In his underlying criminal case, the sentencing judge credited Fleming's time served in pretrial custody (19 months) that would not have been credited by the BOP. Fleming has another criminal case in this district. Although the BOP credited Fleming for time served in this underlying case, it now says doing so was an incorrect assignment and has added 19 months to his sentence. The BOP determines whether a defendant receives sentencing credit for time spent in custody before the imposition of a defendant's sentence, and typically will not credit pretrial incarceration periods when a defendant is primarily

---

[2] As noted above, Fleming has been sentenced on this related matter. See *United States v. Fleming*, Case No. 20-20321, Dkt. 25.

in the custody of another court or agency. Here, however, the BOP did so and Fleming argues that he should not be retroactively punished for the BOP's mistake, especially when retroactive correction will result in Fleming staying in prison longer, during a pandemic, to the detriment of his physical and mental health. In response, the Government argues that this is not a proper basis for a compassionate release motion. Instead, the Government maintains that any such claim should be addressed in a petition under 28 U.S.C. § 2241 after Fleming has exhausted his administrative remedies.

The Government is correct that any dispute regarding credits towards a sentence should be the subject of a § 2241 petition:

> The determination of whether a defendant is entitled to credit under § 3585 for time served is reserved for the Attorney General of the United States and the Bureau of Prisons. Defendant is required to exhaust his administrative remedies through the BOP before he may petition the district court to review any administrative decision denying credit for presentence detention. A prisoner who wishes to appeal a decision by the BOP must seek administrative review of the computation or denial of credits, 28 C.F.R. §§ 542.10–542.16 (1997), and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.C. § 2241.

*United States v. Rogers*, 2022 WL 36668, at *1 (W.D. Tenn. Jan. 4, 2022) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992) (internal footnotes omitted). The court is not persuaded by Fleming's argument that the court can consider the

alleged improper failure to credit his sentence because the Sixth Circuit has made clear district courts can consider any factor that could constitute extraordinary and compelling circumstances to release a defendant early. *See United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021) ("Until recently, denying relief solely based on an inmate's failure to demonstrate the extraordinary and compelling factors set forth in § 1B1.13 would have been appropriate. But today, those factors do not control in cases involving defendant-filed motions."). It may be that the court is no longer limited in finding extraordinary and compelling circumstances to those outlined in U.S.S.G. 1B1.13, but Fleming does not provide any legal authority supporting the notion that the alleged improper failure to credit his sentence <u>qualifies as</u> an extraordinary and compelling circumstance warranting compassionate release. Absent such authority, the court is not inclined to make such a finding here, especially where Fleming has the ability to seek relief under a properly filed § 2241 petition.

Because Fleming has not demonstrated extraordinary and compelling reasons to reduce his sentence, the court need not analyze the relevant § 3553(a) factors. *Navarro*, 986 F.3d at 670 (citing *Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")).

8

## IV. CONCLUSION

For the reasons set forth above, defendant's motion for compassionate release is **DENIED**.

**IT IS SO ORDERED**.

s/Stephanie Dawkins Davis<br>
Stephanie Dawkins Davis<br>
United States District Court Judge

Dated:       February 14, 2022